982 So.2d 1244 (2008)
Steven R. SATRAN and Petco Animal Supplies, Inc., Appellants,
v.
Alex MARTINEZ, Appellee.
No. 5D07-3475.
District Court of Appeal of Florida, Fifth District.
May 30, 2008.
Dennis R. O'Connor of Cooney, Mattson, Lance, Blackburn, Richards & O'Connor, P.A., Orlando, and Warren Kwavnick of Cooney, Mattson, Lance, Blackburn, Richards & O'Connor, P.A., Ft. Lauderdale for Appellants.
Jose F. Garcia, Kissimmee, for Appellee.
PALMER, C.J.
The instant lawsuit arose out of circumstances resulting from a vehicular accident. Satran is a former employee of Petco Animal Supplies, Inc., and he was operating a Petco-owned vehicle at the time of the accident. Liability was not contested at the trial and Satran did not attend the trial. Petco provided the defense *1245 for the action and was responsible for satisfying any judgment or settlement related thereto. Petco appealed the final judgment. The appeal was referred to mediation by order of this court.
Petco provided a representative at the appellate mediation and took the position that the representative's presence satisfied the requirement that the parties appear in person and thus it was unnecessary for Satran, who apparently lives out of state, to appear. Appellee's counsel objected to the mediation proceeding due to Satran's absence. However, the parties entered into settlement negotiations with the assistance of the mediator and the case was settled.
This court issued a rule to show cause directed to Steven R. Satran, instructing Satran to explain why sanctions should not be imposed against him for his failure to comply with this court's Order of Referral to Mediation. Satran filed a response in which he apologized to the court for failing to appear at the scheduled mediation and explained that such failure was the result of Petco's belief that his attendance was not required because of the unique factual circumstances of this case. Satran stated that his violation of the court order was not willful.
Despite Petco's belief that Satran's appearance at mediation was not essential to the mediation process, his failure to appear was, in fact, in violation of the terms of this court's Order of Referral to Mediation. Said order had instructed Satran to personally appear at a scheduled appellate mediation. A motion to excuse Satran from attending mediation could have been filed prior to the mediation and, under the facts of this case, may very well have been granted. Notwithstanding our conclusion that Satran violated this court's Order of Referral to Mediation, we conclude that the violation was not willful and, therefore, the imposition of sanctions is not appropriate. Accordingly, the instant appeal is dismissed based upon the parties' mediated settlement without the imposition of sanctions.
ACTION DISMISSED, NO SANCTIONS IMPOSED.
PLEUS and MONACO, JJ., concur.